UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WALTER COPPAGE,                                      :
                                                     :
                      Plaintiff,                     :
                                                     :           10 Civ. 8313 (RMB)
             -against-                               :
                                                     :           **DECISION & ORDER**
U-HAUL INTERNATIONAL, INC.,                          :
MOVINGHELP.COM, & EMOVE, INC.,                       :
                                                     :
                      Defendant.                     :
                                                     :
------------------------------------------------------------X

**I.   Background**

On December 16, 2010, Walter Coppage ("Plaintiff") filed an amended complaint ("Complaint"), in diversity, against U-Haul International, Inc. ("U-Haul"), a U-Haul subsidiary, eMove, Inc. ("eMove"), and Movinghelp.com ("Movinghelp") (collectively, "Defendants"). (See Compl., dated Dec. 13, 2010, ¶¶ 1–4.)  It appears that, on February 11, 2010, one of the Defendants rented a vehicle (type unspecified) intended for one-day use to Plaintiff at U-Haul's rental location at 562 West 23rd Street, New York, New York, which Plaintiff may have used to move his belongings to a new apartment at 530 West 55th Street, New York, New York.  (See Decl. of James Pena, dated Jan. 7, 2011, Ex. 2 ("U-Haul Contract").)[1]  Plaintiff also claims that he has certain physical disabilities, including having only one leg, diabetes, failing vision, and chronic fatigue, and that Defendants (1) negligently breached various duties allegedly owed to Plaintiff by not "inquiring whether [Plaintiff] suffered any health [conditions] that could interfere with his ability to operate its vehicle," and by not providing Plaintiff with the means necessary to

---

[1] Plaintiff does not clearly present the details of Plaintiff's transaction with U-Haul.  The Court has reviewed the U-Haul lease provided by James Pena, president of U-Haul Co. of Arizona (the title owner of the rented vehicle).  (See Decl. of James Pena ¶ 1.)

guarantee Plaintiff's "safe transport"; (2) breached their contract with Plaintiff by failing to provide "moving-helpers" to Plaintiff; (3) intentionally interfered with a business contract between Plaintiff and his prospective (new) landlord; and (4) breached their "fiduciary duty" to Plaintiff.  (Compl. ¶¶ 12, 14, 17, 22, 24, 29.)  It appears from the Complaint and Plaintiff's briefs that Plaintiff allegedly suffered some type of injury during the course of driving the U-Haul vehicle.  (See Compl. ¶ 18 ("Because of his poor physical health, his advanced age, and the extraordinary amount of stress and physical energy involved in moving, he was forced to enter the [e]mergency [r]oom at Harlem Hospital before being permitted to [complete his move to] his new apartment.").)  In any case, Plaintiff alleges that, as a result of Defendant's conduct, he incurred medical expenses and was "prevent[ed] . . . from enjoying a new beginning at his new premises."  (Compl. ¶ 27.)[2]

On January 18, 2011, Defendants filed a motion to dismiss the Complaint ("Motion"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), asserting, among other things, that Plaintiff (1) "cannot establish that Defendants owed Plaintiff the duties Plaintiff alleges were breached"; (2) does not identify "the terms of the contract which were allegedly breached"; (3) "fails to plead every single element of a claim for intentional interference with contract other than the existence of a contract"; and (4) fails to make "any factual allegations to indicate how a fiduciary relationship existed between Plaintiff and Defendants."  (See Defs.' Mem. of Law in Supp. of Mot., dated Jan. 18, 2011 ("Def. Mem."), at 6, 10, 12, 15.)

On January 28, 2011, Plaintiff filed an opposition, arguing, among other things, that (1) because "U-Haul wished to compete with the traditional moving services companies to which

---

[2]  The Complaint does not describe any actual incident that allegedly resulted in Plaintiff's injury.

[Plaintiff] would otherwise turn," Defendants "promised [to fulfill] all the [duties] of a traditional moving services company" through a "duplicitous website"; and (2) under his contract, Plaintiff "had a right to expect [the unspecified services of] a traditional moving services company." (See Pl.'s Mem. of Law in Opp'n to Defs.' Mot. to Dismiss, dated Jan. 28, 2011 ("Pl. Mem."), at 3, 5.) Plaintiff also acknowledges that (3) the Court should not "concern itself" with the counts of intentional interference with contract or (4) breach of fiduciary duty because the negligence and breach of contract claims "should be quite sufficient for [Plaintiff's] needs . . . without the necessity of resorting to any other legal theories." (See Pl. Mem. at 8.)

On February 4, 2011, Defendants filed a reply. (See Defs.' Reply Mem. of Law in Supp. of Mot., dated Feb. 4, 2011 ("Def. Reply").) The parties have waived oral argument. (See Tr. of Proceedings, dated Nov. 30, 2010.)

**For the reasons set forth below, Defendants' motion to dismiss is granted in its entirety.**

## II. Legal Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must "allege sufficient factual matter to 'state a claim to relief that is plausible on its face.'" Mitchell v. City of N.Y., No. 09 Civ. 3623, 2010 WL 3734098, at *2 (S.D.N.Y. Sept. 23, 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "In assessing the legal sufficiency of a claim, the court may consider those facts alleged in the complaint, [and] documents attached as an exhibit thereto or incorporated by reference." Henry v. Dow Jones, No. 08 Civ. 5316, 2009 WL 210680, at *4 n.6 (S.D.N.Y. Jan. 28, 2009).

**III.    Analysis**

Preliminarily, with respect to Counts 3 and 4, by not responding to Defendants' arguments and by advising the Court not to "concern itself with those [C]ounts", Plaintiff abandons those claims. See Bonilla v. Smithfield Assocs. LLC, No. 09 Civ. 1549, 2009 WL 4457304, at *4 (S.D.N.Y. Dec. 4, 2009) (where the plaintiff's opposition to a motion to dismiss "fail[ed] to respond to the remaining two arguments regarding [the defendant's] liability"); (see also Pl. Mem. at 8 ("The availability of damages to extend relief to [Plaintiff], whether it sound in breach of contract or negligence, . . . should be quite sufficient for his needs . . . without the necessity of resorting to any other legal theories, such as intentional interference or breach of fiduciary relationship, thereby obviating the need for this Court to concern itself with those counts of the [Complaint].").)

Also, the Court dismisses Plaintiff's claims against Movinghelp, a website appears to that connect people with movers and posts information provided by local moving companies, under the Communications Decency Act, 47 U.S.C. § 230(c)(1) ("CDA"). See Doctor's Assocs., Inc. v. QIP Holder LLC, No. 06 Civ. 1710, 2010 WL 669870, at *23 (D. Conn. Feb. 19, 2010) ("Courts engage in a three part inquiry when determining the availability of immunity under the CDA, i.e., (i) whether Defendant is a provider of an interactive computer service; (ii) if the postings at issue are information provided by another information content provider; and (iii) whether Plaintiff's claims seek to treat Defendant as a publisher or speaker of third party content.")  Because Movinghelp appears to be a provider of an interactive computer service (Compl. ¶ 3), and the postings have included information provided by another information content provider, i.e., U-Haul (Compl. ¶ 10), and the Complaint treats Movinghelp as a publisher

4

of third party content, the Court dismisses all claims against Movinghelp, see Doctor's Assocs., Inc. v. QIP Holder LLC, 2010 WL 669870, at *23; (Compl. ¶ 14).[3]

**(1)     Negligence Claim**

Defendants assert, among other things, that "there plainly is no duty under New York [State] law for a motor vehicle rental company to provide [safe transport in the form of] a driver for a renter of one of its vehicles," notwithstanding Plaintiff's alleged disabilities.  (Def. Mem. at 7–8 (citing Sigaran v. Elrac, Inc., No. 350273-2008, 2008 WL 5381494, at *6 (N.Y. Sup. Ct. Dec. 23, 2008)).)  Plaintiff counters, among other things, that U-Haul, by "hold[ing] itself out to be a socially-conscientious company," had duties of inquiry and safe transport.  (Compl. ¶ 7.) Plaintiff contends that such a duty also derives from claims allegedly made by U-Haul, including statements such as "U-Haul trucks are specially engineered from the ground up to move families, not freight," and that U-Haul contemplates the needs for "every customer."  (Pl. Mem. at 8; Compl. ¶ 8.)

"Under New York law, . . . a plaintiff must establish three elements to prevail on a negligence claim: '(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof.'"  Alfaro v. Wal-Mart Stores, Inc., 210 F.3d 111, 114 (2d Cir. 2000) (citing Akins v. Glens Falls City Sch. Dist., 424 N.E.2d 531 (N.Y. 1981)).  Plaintiff fails to establish the existence of Defendants' alleged duty to inquire about his disabilities or a duty to provide Plaintiff with safe transport (apart from providing a vehicle).  See id.  For one thing, rental companies are "[under no] obligation to check [a renter's background] beyond verifying that he had a valid driver's license," and Plaintiff has not cited to any legal

---

[3]     Moreover, the terms and conditions for use listed on Movinghelp's website state that "[Movinghelp is] not involved in any manner with the provision of . . . [s]ervices."  (Decl. of Jennifer Settles in Supp. of Def. Mem., dated Jan. 17, 2011, Ex. 1 ¶ 6)

5

authority indicating otherwise.  Sigaran, 2008 WL 5381494, at *6.  Second, Plaintiff cites to no legal authority establishing a duty to "provide a 'safe means' for [Plaintiff] to transport himself and his belongings," apart from furnishing a rental vehicle.  (Pl. Mem. at 8.)  Plaintiff does not sufficiently allege the "existence [and breach] of [any] duty on [D]efendant's part as to [P]laintiff."  Alfaro, 210 F.3d at 114.

**(2)    Breach of Contract Claim**

Defendant asserts, among other things, that "[t]he Complaint never . . . identifies the terms of the contract that w[ere] allegedly breached."  (Def. Mem. at 12.)  Plaintiff counters, among other things, that "a jury will ultimately have to decide" whether Defendant was contractually obligated to provide "the services of a traditional moving services company."  (Pl. Mem. at 3, 5–7.)

"[A] written agreement that is complete, clear and unambiguous on its face must be [interpreted] according to the plain meaning of its terms."  Law Debenture Trust Co. of N.Y. v. Maverick Tube Corp., 595 F.3d 458, 465 (2d Cir. 2010).  "The language of a contract is not ambiguous . . . simply because the parties urge different interpretations, or if one party's view 'strain[s] the contract language beyond its reasonable and ordinary meaning.'"  Citibank, N.A. v. Morgan Stanley & Co. Int'l, PLC, 724 F. Supp. 2d 398, 404 (S.D.N.Y. 2010).

While the Complaint alleges that Defendants "entered [into] a contract with [Plaintiff] and assumed a contractual duty to provide moving-helpers to facilitate a safe transition to [Plaintiff's] new premises" (Compl. ¶ 24), Plaintiff's U-Haul Contract contains no such provision concerning moving services (see U-Haul Contract).  The contract appears to be one for rental of a moving vehicle (e.g., "[The customer] agree[s] to park only where legally permitted."

6

and "[The customer] understand[s] that the equipment rented [i.e., vehicle 'TM 1662G'] is water resistant and not water proof."), and not one for professional movers. (U-Haul Contract, at 1.)

Plaintiff has not stated a claim to which he is plausibly entitled to relief. See Citadel Equity Fund Ltd. v. Aquila, Inc., 168 F. App'x 474, 476 (2d Cir. 2006) ("[T]he district court was not obliged to credit . . . legal conclusion[s] . . . at the pleading stage . . . [i]n the face of . . . unambiguous contract provision[s]."); see also Gualandi v. Adams, 385 F.3d 236, 241 (2d Cir. 2004).

## IV.   Conclusion and Order

For the reasons stated herein, Defendant's Motion [#10] is granted in its entirety and with prejudice.[4] The Clerk of the Court is respectfully requested to close this case.

Dated: February 15, 2011
New York, New York

*RMB*

**RICHARD M. BERMAN, U.S.D.J.**

---

[4] That any dismissal would be "with prejudice" was agreed to at a conference with the Court held on November 30, 2010. (See Tr. of Proceedings, dated Nov. 30, 2010.)

7